*Chaohui Dong v. Garland*

BIA
Thompson, IJ
A206 053 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

CHAOHUI DONG, AKA DONG CHAOHUI,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-2029
NAC

FOR PETITIONER:                    Gary J. Yerman, Esq., The Yerman Group,
                                   LLC, New York, NY.

FOR RESPONDENT:                    Brian Boynton, Acting Assistant Attorney
                                   General; Mary Jane Candaux, Assistant
                                   Director; Nicole J. Thomas-Dorris, Trial
                                   Attorney, Office of Immigration Litigation,
                                   United States Department of Justice,
                                   Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Chaohui Dong ("Dong"), a native and citizen of the People's

Republic of China, seeks review of a June 10, 2020 decision of the BIA affirming a

May 30, 2018 decision of an Immigration Judge ("IJ") denying his applications for

asylum, withholding of removal, relief under the Convention Against Torture

("CAT"), and cancellation of removal.  *In re Chaohui Dong*, No. A 206 053 450

(B.I.A. June 10, 2010), *aff'g* No. A 206 053 450 (Immig. Ct. N.Y.C. May 30, 2018).

We assume the parties' familiarity with the underlying facts and procedural

history.

We have considered both the IJ's and the BIA's decisions "for the sake of

completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2006).  We review the agency's factual findings for substantial evidence and

2

questions of law de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

"[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Our review of the agency's denial of cancellation of removal is limited to constitutional claims and questions of law. *Id.* § 1252(a)(2)(B)(i), (D); *Mendez v. Holder*, 566 F.3d 316, 319–22 (2d Cir. 2009).

## I. Asylum, Withholding of Removal, and CAT Relief

Dong asserted a fear of persecution in China on account of his practice of Christianity in the United States. Accordingly, he had the burden to establish an "objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b)(2). An applicant can demonstrate either (1) a "reasonable possibility" that he "would be singled out individually for persecution" or (2) "a pattern or practice" of persecution of "a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii). "[T]o establish eligibility for relief based exclusively on activities undertaken after his arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities" or (2) that there is a "reasonable possibility" that they will

3

"become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138, 143 (2d Cir. 2008) (per curiam). The agency reasonably concluded that Dong failed to meet his burden.

The record supports the IJ's determinations that Dong would not regularly attend church or preach the gospel in China. Dong conceded that in the United States he has attended church less than once a month because of his work schedule. He further explained that he did not switch churches to attend more regularly because the one he attends registers attendance. Moreover, Dong has not engaged in any public proselytizing in the United States. Accordingly, the IJ reasonably inferred from this evidence that Dong would be unlikely regularly to attend church or proselytize publicly in China. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Drawing inferences from direct and circumstantial evidence is a routine and necessary task of any factfinder.").

There is no merit to Dong's argument that the IJ applied the higher likelihood standard for withholding of removal. Although the IJ used the word "likely," the decision does not reflect that the IJ was improperly applying the more stringent standard for withholding of removal, that persecution be "more likely than not" to occur. 8 C.F.R. § 1208.16(b). The IJ's decision is consistent with

4

*Hongsheng Leng*: "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or *likely* to become aware of his activities. The appropriate burden of proof varies according to the type of relief sought: an applicant must show a 'clear probability' in the withholding context, and only 'a reasonable possibility' in the asylum context." 528 F.3d at 143 (emphasis added; citation and internal quotation marks omitted).

Contrary to Dong's argument, the IJ considered Dong's additional "less public" religious activities, but reasonably concluded that, given the lack of evidence that he would attend church regularly or engage in public activities, his fear of future persecution based on the Chinese authorities becoming aware of his religious practice was speculative. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The record also supports the IJ's determination that Dong failed to establish a pattern or practice of persecution in his home province of Fujian. The State Department report does not identify any incidents of persecution of Christians in Fujian, the ChinaAid report reveals that one church was demolished, and none of

the evidence reflects that ordinary church members are subject to persecution in Fujian Province. *See Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (holding that absent past harm, an applicant's fear of persecution as a Christian failed because country conditions evidence did not speak to persecution in Fujian); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 165 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality). Dong's failure to establish an objectively reasonable fear of persecution for asylum is also dispositive of withholding of removal and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that a failure to show the fear of persecution required for asylum "necessarily" precludes meeting the higher burden for withholding of removal and CAT relief).

## II.  Cancellation of Removal

To establish eligibility for cancellation of removal, Dong had to "establish[] that [his] removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be substantially beyond the ordinary

6

hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (citation and internal quotation marks omitted). The agency considers "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives," including how a lower standard of living, diminished educational opportunities, or adverse conditions in the country of removal might affect the relatives. *Id*. at 63–64; *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (describing the hardship requirement as a "very high standard").

Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022). For jurisdiction to attach, such claims must be "colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008). A colorable question of law may arise if the agency "totally overlook[s]" or "seriously mischaracterize[s]" evidence, *Mendez*, 566 F.3d at 323, but not where the applicant "merely quarrels over the correctness of the factual findings or justification for the discretionary choices," *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006).

7

We dismiss as to cancellation because Dong has not raised a colorable question of law. He argues that the BIA erred by relying on *Matter of J–J–G–*, 27 I. & N. Dec. 808 (B.I.A. 2020), for the proposition that, to establish hardship based on a qualifying relative's health, the applicant must show that the relative has a serious medical condition. However, the BIA cited *Matter of J–J–G–* for the proposition that "the respondent must show that adequate medical care is not reasonably available in the country of removal." C.A.R. 5. And the IJ considered this issue, finding that Dong's wife received chemotherapy treatment in China, and noting that there was no evidence that her treatment in the United States was ongoing or that relocating to China would cause a "disruption" in treatment. *Id.* at 57.

Dong also argues that the IJ failed to consider evidence of his wife's treatment. The IJ did not "overlook" or "mischaracterize" the evidence. *See Mendez*, 566 F.3d at 323. The IJ acknowledged Dong's wife's diagnosis and the fact that she had travelled to China for treatment; although the IJ found he lacked the technical medical knowledge to interpret lab reports, Dong has conceded that his wife was being monitored for recurrence and not receiving treatment at the time of the hearing. To the extent Dong contends that the IJ gave this factor

8

insufficient weight, we lack jurisdiction to consider such an argument. *See Xiao Ji Chen*, 471 F.3d at 332.

Finally, there is nothing to support Dong's argument that the IJ failed to consider the hardship evidence cumulatively. *See In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002) (requiring an "assessment of hardship factors in their totality"). The IJ considered Dong's wife's health, that his children did not have "significant school issues or medical issues" and had spent years in China, and the family's financial resources. C.A.R. 57. Dong argues that the IJ did not consider the impact Dong's wife's health had on the family, but the IJ specifically noted that "the Court at no point is minimizing the tremendous impact this has had on [Dong] and his family." *Id.* at 56. Accordingly, the record does not compel the conclusion that the IJ failed to consider the hardships cumulatively. *See Xiao Ji Chen*, 471 F.3d at 336 n.17 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9